In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00292-CV**

_____

**IN RE BERRY GP, INC. D/B/A BAY, LTD., A BERRY COMPANY**

_____

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-197,520**

_____

**OPINION**

Berry GP, Inc. d/b/a Bay, Ltd., a Berry Company, challenges the trial court's denial of its motion to transfer a personal injury case filed by Douglas Gray and his wife, Christa Gray, from Jefferson County, where the suit was filed, to Howard County, the county where Douglas Gray was injured. After Berry GP filed its petition, Alon USA, LP, Alon USA GP, LLC, Alon USA Holdings, LLC, Alon USA Energy, Inc., Alon USA Partners, LP, and Alon USA (collectively referred to in this opinion as "Alon"), adopted Berry GP's petition, subject to its own motion to transfer, and requested that we grant Berry GP's petition for mandamus. In

1

response to the petition, Douglas and Christa Gray, the real parties in interest, suggest that mandamus relief is inappropriate because the trial court's venue ruling concerns a permissive venue statute. We conclude that the trial court abused its discretion by failing to transfer the case to Howard County. We further conclude that an appellate remedy is inadequate, and that exceptional circumstances exist to justify issuing the writ.

The suit arises from an injury Douglas Gray suffered in 2014 while working in Howard County at a facility owned or operated by Alon.[1] According to the Grays' petition, Douglas Gray was working on a flange suspended by a sling when the sling broke and the flange fell on him, resulting in his injury. Subsequently, the Grays sued ten defendants[2] in Jefferson County, claiming that their negligence caused the event that resulted in Douglas Gray's injuries.

---

[1] The Grays' petition does not reference which specific entity owned or operated the premises where Douglas Gray was injured, and instead, the Grays' petition references Alon generically for a number of apparently related entities that use "Alon" in their names.

[2] The defendants the plaintiffs named in their First Amended Petition, which is their live pleading for the purposes of the hearing the trial court conducted on Berry GP's motion, are (1) Alon USA, LP, (2) Alon USA GP, LLC, (3) Alon USA Holdings, LLC, (4) Alon USA Energy, Inc., (5) Alon USA Partners, LP, (6) Alon USA, (7) Berry Contracting, LP, (8) Berry Holdings, LP, (9) Berry GP, Inc., and (10) Bay, Ltd.

Under Texas law, on the filing of a suit, the plaintiff is allowed to sue the defendant in any county that it chooses so long as the plaintiff, in its pleadings, properly alleges facts showing the county where it sued is a county of permissive venue. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). However, if the defendant challenges the plaintiff's choice of venue by filing a motion to transfer, and in its motion, the defendant denies the plaintiff's venue allegations and objects that venue is not proper in the county where the suit was filed, the plaintiff is then required to make a prima facie showing that the suit was filed in a county of proper venue. *Id*. If, at the venue hearing, the plaintiff fails to establish that the county where the suit was filed is a county of permissive venue, the trial court is required to transfer the suit to the county where the defendant suggested the suit should have been filed, provided that county is a county of proper venue. Tex. Civ. Prac. & Rem. Code Ann. § 15.063 (West 2002).

Under Rule 87 of the Texas Rules of Civil Procedure, a defendant is required to "specifically deny" the plaintiff's venue allegations to shift the burden to the plaintiff to establish that venue is permissible in the county where the suit was filed. Tex. R. Civ. P. 87(2)(b). In the trial court and in this proceeding, the parties dispute whether Berry GP's motion to transfer venue "specifically denied" the Grays' venue allegations. Additionally, although the Grays' petition is silent

about the county in which Douglas Gray's injuries allegedly occurred, their subsequent pleadings assert that Douglas Gray was injured in Howard County. In this proceeding, the parties do not dispute that Douglas Gray's injuries occurred in Howard County.

With respect to the venue allegations in the Grays' petition, the Grays alleged that Alon contracted with Gulfspan Industrial to perform work at Alon's facility, that the Alon/Gulfspan Industrial contract covering the work Douglas Gray was doing when he was injured was negotiated and executed in Jefferson County, and that the contract documents created "all or part of the duties and obligations owed by defendants to plaintiffs." The Grays then alleged that "all or part of the transactions or occurrences that make up plaintiffs' cause of action occurred and arose in Jefferson County, Texas." Nonetheless, in their petition, the Grays failed to allege any facts regarding the transactions or occurrences that allegedly occurred in Jefferson County that caused Douglas Gray's injuries.

In response to the Grays' petition, Berry GP filed a timely motion to transfer venue. In relevant part, Berry GP's motion alleges:[3]

> Jefferson County is not a county of proper venue because (1) none of
> the alleged events or omissions giving rise to the claim occurred in

_____

[3] To avoid confusion, we have removed footnotes and paragraph references that Berry GP included in its motion, as those references are not pertinent to understanding the opinion.

4

Jefferson County; (2) no Defendant to this lawsuit has a principal office in Jefferson County; and (3) no mandatory venue exception authorizes the maintenance of this action in Jefferson County.

This lawsuit is a personal injury case stemming from an alleged incident occurring at Defendant Alon's facility in Howard County, Texas. Specifically, Plaintiff alleges that a piece of equipment fell onto him and caused him injuries at the Howard County facility.

Defendant Berry specifically denies the venue facts, if any, plead in the Plaintiff's First Amended Petition. More specifically, Defendant specifically denies that all or a substantial part of the events or omissions giving rise to this claim occurred in Jefferson County. . . .

. . . Plaintiff alleges that all or a substantial part of the events or omissions giving rise to this claim occurred in Jefferson County, an assertion based on the fact that the contract between Defendant Alon and Plaintiff's employer, Gulfspan, was allegedly entered into in Jefferson County, an allegation Defendant denies. However even if true, this case is a personal injury lawsuit, regarding an alleged injury sustained in an incident at Defendant Alon's Howard County, Texas facility. This is **not a breach of contract case** and the referenced contract is not at issue in this lawsuit. Further, Plaintiff's employer, Gulfspan, is not even a party to this lawsuit. Plaintiff is improperly attempting to bootstrap his negligence claim onto a contract with which he has no privity. . . .

In fact, in the unlikely event that the contract between [Gulfspan] and Alon is relevant to the venue issue, the parties to the contract have agreed that Howard County shall be venue for any disputes. Therefore, based on the Contract that Plaintiff alleges controls, venue is proper in Howard County.

Defendant Berry further specifically denies that venue would be proper in Jefferson County, Texas under the mandatory provisions of the Texas Civil Practice and Remedies Code.

5

Defendant Berry pleads that venue is proper in Howard County, Texas because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Howard County, Texas. Defendant requests that this action be transferred to a district court in Howard County, Texas where proper venue exists in this cause.

Although the Grays filed a response to the motion, the Grays failed to attach any affidavits or evidence to their response. Instead, the Grays responded with an argument, suggesting that venue in Jefferson County was proper because Alon and Gulfspan Industrial had negotiated and executed the contract relevant to Douglas Gray's work in Jefferson County. However, the creation of duties and obligations through a contract does not establish whether any duties under the contract were breached in Jefferson County. And, the fact that a contract might have been formed in one county does not, without more, establish how defendant's action in the county where the contract was formed caused an injury to occur in another county. Therefore, the allegation that one of the defendants was a party to a contract formed in Jefferson County, even if we were to assume that allegation to have been uncontested when it was not, does not allege a fact establishing that proper venue for the suit existed in Jefferson County.

Moreover, Berry GP specifically denied the allegation that the contract was negotiated and executed in Jefferson County, denied that all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, and

6

denied that the Alon/Gulfspan Industrial contract was material to any issue in the suit. Consequently, given the Grays' argument that the location where the contract was negotiated and executed is a relevant venue fact, Berry GP's denial of that fact required the Grays to present prima facie evidence to prove that the contract was negotiated and executed in Jefferson County. *See* Tex. R. Civ. P. 87(2)(b). The Grays produced no evidence to meet their burden of showing that Jefferson County was a county of permissible venue under the facts that led to Douglas Gray's injury.

In our opinion, the Grays failed to plead venue facts showing that Jefferson County was a county of permissive venue. Additionally, Berry GP's motion to transfer contains denials of the venue allegations in the Grays' petition that comply with the requirements of Rule 87(2)(b), notwithstanding the Grays' arguments to the contrary. *Id*. We conclude the trial court abused its discretion by finding venue was proper in Jefferson County, given the lack of facts that were alleged in the Grays' petition. We further conclude the trial court abused its discretion by failing to require the Grays to make a prima facie[4] case showing that at least one of the

---

[4] "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." Tex. R. Civ. P. 87(3)(a).

defendant's acts or omissions resulting in Douglas Gray's injuries occurred in Jefferson County.

When a plaintiff fails to discharge its burden to properly plead venue facts or to present prima facie proof by affidavit or other appropriate evidence that venue is proper in the county where the suit was filed, the right to choose proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county. *See In re Missouri Pacific R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding); *see also* Tex. R. Civ. P. 87(2)(b), (3). Under Texas law, venue of a suit is proper in the county where the accident occurred. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2002). In light of the Grays' failure to properly plead venue, and their subsequent failure to present a prima facie case that Douglas Gray's injury was caused by an act or omission of at least one of the defendants that occurred in Jefferson County, the trial court was left with only one choice—to transfer the case to the county that Berry GP suggested the case should have been filed, the county where Douglas Gray's accident occurred. We hold the trial court abused its discretion by denying Berry GP's motion.

To determine whether mandamus relief is warranted under the circumstances of this case, we are also required to determine whether Berry GP has established

8

that an appellate remedy would be inadequate. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). In evaluating the benefits and detriments of mandamus relief, we consider whether extending relief by granting the writ will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Under Texas law, when faced with a motion to transfer that places the venue facts alleged by the plaintiff in issue, a trial court must transfer a case to a county of proper venue unless the plaintiff shows that venue is proper in the county the suit was filed. *Id.* at 259; *In re Masonite Corp.*, 997 S.W.2d at 197; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.063. While an appellate remedy is generally adequate to correct an erroneous venue ruling, an appeal may become inadequate if the trial court employs a blatantly improper venue procedure in deciding the venue motion. *In re Shell Oil Co.*, 128 S.W.3d 694, 696-97 (Tex. App.—Beaumont 2004, orig. proceeding).

In this case, the trial court failed to properly apply the Rules of Civil Procedure regarding properly pleaded venue facts, and it also failed to require the plaintiff to make a prima facie showing that venue was proper even though the defendant properly controverted the allegations on which the trial court relied to find that Jefferson County was a county of proper venue. *See id.*; *see also* Tex. R.

Civ. P. 87(2), (3). Moreover, in this Court, the Grays' response to Berry G.P.'s petition fails to explain how, in good faith, they will establish that all or a substantial part of the acts and omissions of any of the defendants in Jefferson County caused Douglas Gray's injury. While the contract that the plaintiffs referenced in their pleadings is in the record that is before us, none of the provisions in the contract between Alon and Gulfspan Industrial reflects that any of Alon's acts or omissions occurred in Jefferson County. Additionally, even if relevant to proving that Alon retained a right of control over Gulfspan Industrial's work, the contract's terms are not prima facie evidence that Alon exercised its control over the work that resulted in Douglas Gray's injury in Jefferson County. We further note that the Alon/Gulfspan Industrial contract contains a venue provision, and it provides that venue for any contract disputes "shall be in Howard County, Texas." Thus, Douglas Gray's employer did not anticipate litigating any disputes with Alon that related to the duties arising under the contract in Jefferson County. Finally, were the case to be tried in Jefferson County, and given the number of parties the Grays sued, it appears likely that a large number of witnesses would be needed for a trial conducted in a location more than 500 miles from the county where Douglas Gray's injuries occurred.

Given the number of parties and the abuse of the judicial system that will occur if the case is allowed to remain in Jefferson County, we conclude that the circumstances of this case are exceptional such that mandamus relief is warranted. *In re Team Rocket*, 256 S.W.3d at 262 (finding extraordinary circumstances existed where the "trial court improperly applied the venue statute and issued a ruling that permits a plaintiff to abuse the legal system"); *In re Masonite Corp.*, 997 S.W.2d at 199 (concluding that exceptional circumstances existed where the trial court failed to follow venue statute in a case involving multiple defendants). Accordingly, we conditionally grant the writ, and direct the trial court to withdraw its order denying Berry GP's motion and grant its motion to transfer the case to Howard County. The writ will not issue unless the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on September 16, 2016
Opinion Delivered November 3, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.

11