In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00059-CV**
_____

**SUNBELT RENTALS, INC. AND DANIEL BURGE JR., Appellants**

**V.**

**JAMES GILLESPIE, ET AL, Appellees**

**On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-210554**

**MEMORANDUM OPINION**

On June 10, 2025, on our own motion we withdrew the opinion of this Court

issued May 29, 2025, in light of the recent opinion of the Texas Supreme Court in

*Rush Truck Centers of Texas, L.P. v. Sayre*, No. 24-0040, 2025 Tex. LEXIS 470

(Tex. June 6, 2025). We substitute this opinion in place of the withdrawn opinion.

This matter includes a request for an interlocutory appeal or in the alternative

a request for mandamus relief pertaining to an underlying car accident, a Rule 202

Petition, an Original Petition added to the Rule 202 proceeding, a Motion to Transfer

Venue, and an Order Granting Plaintiffs' Motion for Sanctions. Sunbelt and Burge filed an interlocutory appeal of the trial court's Order Granting Plaintiffs' Motion for Sanctions, to Hold Defendants in Contempt, and for Other Relief (the "Order"). Appellees/Plaintiffs James Gillespie, Individually and as Representative of the Estate of Stephanie Warren Gillespie, deceased, Corey Gillespie, Laken Hood, and Janet Warren filed an Emergency Motion to Dismiss Appellants' Interlocutory Appeal for Want of Jurisdiction, arguing that this Court lacks jurisdiction over the interlocutory appeal because the order being appealed is an interlocutory order granting sanctions. Appellants notified this Court that Appellants' Brief would alternatively request mandamus relief, and on March 7, 2024, this Court denied the motion to dismiss. The March 7, 2024 Order provided that "[w]hether the [trial court's] order is subject to interlocutory appeal[] under section 15.003(b)(1) of the Civil Practice and Remedies Code or is subject to mandamus review[] under section 22.221 of the Government Code will be determined by this Court when the accelerated appeal is submitted on the merits." Appellants/Relators filed Appellants' Brief and, in the Alternative, Petition for Writ of Mandamus.[1]

---

[1] An appellant may invoke the court's mandamus jurisdiction by requesting that the appeal brief be considered as a mandamus petition in the event the appellate court determines it lacks appellate jurisdiction over the case. *See In re Commitment of Renshaw*, 672 S.W.3d 426, 427-28 (Tex. 2023) (orig. proceeding); *CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011).

In Appellants'/Relators' first appellate issue they argue that appellate jurisdiction exists over this interlocutory appeal because the Order amounted to a venue determination with multiple plaintiffs and that an interlocutory appeal is allowed under section 15.003(b)(1) of the Civil Practice and Remedies Code, and in their second and third issues they argue that the Order is reviewable by mandamus, that the trial court abused its discretion, and that they lack an adequate remedy by appeal.

Under *Sayre* we conclude that on the facts now before us we do not have interlocutory appellate jurisdiction over the venue ruling pursuant to section 15.003(b)(1) of the Civil Practice and Remedies Code. *See Sayre*, 2025 Tex. LEXIS 470, at *12 (concluding that "where a trial court never needed to determine whether each plaintiff independently established proper venue—because the venue facts are identical for all the plaintiffs—Section 15.003(b)'s narrow exception does not apply, and Section 15.064(a)'s general rule against interlocutory venue appeals controls[]"). That said, we conclude we do have jurisdiction to consider the Relators' petition for mandamus review.

## Pertinent Background

On September 26, 2022, Stephanie Gillespie died in a car accident that occurred in Newton County, Texas. Stephanie was driving her vehicle when she was involved in a collision with a vehicle owned by Sunbelt Rentals, Inc. ("Sunbelt")

3

and driven by Daniel Burge Jr. ("Burge"), a Sunbelt employee. At the time of the accident, Stephanie resided in Orange County and Burge resided in Newton County.

In 2022, Plaintiffs[2] (as "Petitioners") filed a Petition for Authorization for Pre-Suit Depositions pursuant to Rule 202 of the Texas Rules of Civil Procedure (hereinafter Rule 202 Petition) and argued that it was necessary for Petitioners to take the depositions of Burge, Sunbelt's custodian of records, and Sunbelt agents, servants, representatives and/or employees. The Rule 202 Petition also sought a subpoena duces tecum for the production of materials in order for the Petitioners to investigate any potential claims. Defendants (as "Respondents") filed a response, contending that the Rule 202 Petition was a fishing expedition, and that Petitioners had sufficient facts that, if true, would establish the trial court's jurisdiction and a prima facie case. The trial court denied the Rule 202 Petition as to the deposition of Burge but otherwise granted it in all other respects, and the trial court set forth deadlines for the depositions and the serving of a subpoena duces tecum and objections thereto. Petitioners filed a Motion to Compel, claiming that Sunbelt failed to comply with the trial court's prior orders on the Rule 202 Petition. Plaintiffs filed an Amended Petition for Authorization for Pre-Suit Depositions and Original Petition (hereinafter "Original Petition"), asserting negligence claims against

---

[2] Although Plaintiff/Appellee Janet Warren, Stephanie's mother, was not named as a Petitioner or a Plaintiff in the Original Petition, she was added as a Plaintiff in an amended petition.

Defendants and seeking actual and punitive damages. In the Original Petition, and subsequent amended petitions, Plaintiffs asserted that Stephanie was a resident of Orange County, Texas at the time of her death and that the accident occurred north of Mauriceville, Texas. Plaintiffs alleged that venue is proper in Jefferson County, Texas.

In response to the Original Petition, Defendant Sunbelt filed a Motion to Transfer Venue denying that venue is proper in Jefferson County and arguing that none of the events giving rise to Plaintiffs' claim occurred in Jefferson County and none of the Defendants' residences or principal offices are located in Jefferson County. Sunbelt argued that no mandatory venue provision applied and that, under section 15.002(a) of the Texas Civil Practice and Remedies Code, venue is proper in Newton County because the accident occurred there, Defendant Burge resided in Newton County at the time of the accident, and Defendant Sunbelt has its principal office in York County, South Carolina. Sunbelt further argued that even if section 15.002(a) did not apply, venue would still be improper in Jefferson County because Stephanie resided in Orange County, Texas. Attached to the Motion to Transfer Venue was an affidavit from a Texas Department of Transportation Deputy Director stating that the accident happened in Newton County and the accident report showing the accident occurred in Newton County. Sunbelt filed its Original Answer.

Burge filed an Original Answer Subject to his Motion to Transfer Venue, and Burge filed his Motion to Transfer Venue making the same venue arguments as Sunbelt.

Sunbelt set its Motion to Transfer Venue for a hearing, and Plaintiffs objected to a hearing until venue-related discovery could be conducted. The trial court then entered an Order dated July 20, 2023, and it ruled that, among other things, "[n]o hearing on any party's Motion to Transfer Venue may be set until after appropriate venue-related discovery has been accomplished." Plaintiffs filed a Motion to Compel, alleging that Sunbelt had failed to respond to Plaintiffs' discovery requests and that Sunbelt made boilerplate objections to the majority of Plaintiffs' interrogatories and requests for production. Plaintiffs alleged that venue was in dispute and that the discovery Plaintiffs sought from Sunbelt was necessary to determine whether Sunbelt had a principal office in Jefferson County. Plaintiffs sought attorney's fees and asked the trial court to sanction Sunbelt.

On September 5, 2023, the trial court granted Plaintiffs' Motion to Compel, overruled several of Sunbelt's objections to interrogatories, and ordered Sunbelt to answer the majority of what Plaintiffs styled as its First Set of Venue-Related Interrogatories. The trial court also overruled Sunbelt's objections to Plaintiffs' First Set of Venue Related Requests for Production, and the trial court ordered Sunbelt to respond to those requests. The trial court did not award Plaintiffs any attorney's fees

or assess sanctions at that time, but the trial court ordered that Sunbelt must comply with the terms of the order on or before September 19, 2023.

Sunbelt filed a Motion to Set Aside Order Granting Plaintiffs' Motion to Compel and for Other Relief and/or Motion for New Trial. After another hearing, the trial court on October 31, 2023, signed an Order acknowledging that Plaintiffs and Sunbelt had reached a stipulation, and that Plaintiffs were not seeking a ruling on certain discovery requests. The trial court overruled all of Sunbelt's objections to outstanding interrogatories and requests for production, and the trial court granted Plaintiffs' motion to compel but set forth limitations or modifications to Plaintiffs' venue related interrogatories and requests for production. The October 31, 2023 Order allowed the parties to conduct case-specific discovery beyond the venue-related discovery, and the Order required Sunbelt to fully comply with the terms of the Order by November 2, 2023. On November 2, 2023, Sunbelt filed an Emergency Motion for Reconsideration of the October 31, 2023 Order, arguing that the volume of information sought and the documents to be produced made it impossible to comply with the October 31, 2023 Order and asking the trial court to reconsider the ruling because the discovery sought was not reasonably related to the venue issues before the trial court.

On December 1, 2023, Plaintiffs filed a Motion for Sanctions and Other Relief, alleging that Sunbelt failed to provide discovery by the agreed date of

7

November 22, 2023, and asking that the trial court assess discovery sanctions against Sunbelt based on Sunbelt's bad faith in repeatedly failing to comply with court-ordered discovery deadlines. Plaintiffs asked the trial court to strike Sunbelt's venue pleadings and impose monetary sanctions.

Sunbelt filed a Response to Plaintiffs' Motion for Sanctions, acknowledging that Sunbelt was unable to timely comply with Plaintiffs' discovery requests "due to the holiday travel and plans[]" and that after the holiday, Sunbelt's counsel was in trial. According to the Response, Sunbelt's counsel would continue to work to comply with the trial court's order but the sanctions were not proper or merited under the circumstances.

On January 5, 2024, Sunbelt filed a Supplement to its Motion to Transfer Venue, arguing that Plaintiffs' alleged venue is not proper in Jefferson County based on the principal-office requirement and attaching an affidavit of a Sunbelt representative stating that Sunbelt does not and did not at the time of the accident have a principal office in Jefferson County. Burge filed a Joinder in Sunbelt's Supplement to its Motion to Transfer Venue, requesting that Sunbelt's Motion to Transfer Venue, along with Sunbelt's Supplement to the Motion and Burge's Joinder in the Motion, be granted by the trial court.

On January 9, 2024, the trial court signed an Order Granting Plaintiffs' Motion for Sanctions. The trial court concluded in its January 9, 2024 Order that Sunbelt

8

and its counsel had "engaged in conduct that is ongoing, persistent and egregious, and is an abuse of the discovery process." The trial court found that Sunbelt and its counsel violated more than one court order; lodged meritless objections and made incomplete or frivolous responses to discovery for purposes of delay; and that, although Sunbelt's and its counsel's conduct was "deserving of severe sanctions[,]" only monetary sanctions would be imposed at that time. The trial court sanctioned Sunbelt and its counsel $7,500 payable to Plaintiffs' counsel within seven days of the order, and the trial court incorporated the prior October 31, 2023 Order and ordered Sunbelt and its counsel to comply with that order within seven days of the January 9, 2024 Order. The January 9, 2024 Order also noted that Sunbelt's and its counsel's conduct had been deserving "of severe sanctions including all of those authorized by Tex. R. Civ. P. 215[]" and advised them that "any further failure to comply with the orders of the [trial] [c]ourt and the rules of discovery will be met with such severe sanctions."

On January 22, 2024, Plaintiffs filed a Motion for Sanctions, to Hold Defendant and its Counsel in Contempt, and for Other Relief. After a hearing, the trial court signed its January 31, 2024 Order granting the motion and finding, in pertinent part:

> [] The Court finds that Sunbelt Rentals, Inc., and its counsel's failure to respond and comply with the Court's January 9, 2024 [] Order justifies, and the Court hereby makes, the following additional findings:

9

. . . .

[] The failure of Sunbelt Rentals, Inc., and its counsel to act in an appropriate way regarding discovery raises the presumption that their position in terms of venue lacks merit. The Court invokes this presumption and therefore makes such a finding that the position of Sunbelt Rentals, Inc., and its counsel on all venue issues lacks merit.

[] The Court further finds that it would be manifestly unjust to permit Sunbelt Rentals, Inc., and its counsel to present the substance of that position to the Court.

[] The Court also finds that Sunbelt Rentals, Inc., and its counsel have systematically deprived Plaintiffs of relevant and discoverable information that would allow and assist Plaintiffs in proving that venue properly lies here in Jefferson County, Texas. This conduct by Sunbelt Rentals, Inc., and its counsel has significantly and substantially interfered with Plaintiffs' ability to meet their venue burden.

. . . .

[] The Court has considered the full range of sanctions available and hereby finds that the following sanctions are just and bear a direct relationship to Sunbelt Rentals, Inc., and its counsel's misconduct:

[] Certain facts shall be taken to be established for the purposes of this action in accordance with the claims of Plaintiffs. Specifically, it is hereby found and ordered that it is conclusively established that Sunbelt Rentals, Inc. had, at all times material, a principal office (as that term is defined by Tex. Civ. Prac. & Rem. Code § 15.001(a)) in Jefferson County, Texas.

[] The Court further strikes all pleadings of Sunbelt Rentals, Inc. challenging venue in Jefferson County, Texas. This includes any denial of Plaintiffs' venue facts, Sunbelt Rentals, Inc.'s Motions to Transfer Venue, and all evidence submitted in connection therewith.

10

[] The Court further refuses to allow Sunbelt Rentals, Inc. to oppose Plaintiffs' claim that venue is proper in Jefferson County, Texas, and prohibits Sunbelt Rentals, Inc. from introducing matters pertaining to the venue challenge into evidence.

[] The Court has considered the full range of available sanctions, including those that might be less stringent. The Court has already sanctioned Sunbelt Rentals, Inc. and its counsel, testing lesser sanctions to secure compliance. Those lesser sanctions did not cure or change the conduct of Sunbelt Rentals, Inc. and its counsel. It is the Court's view and finding that the sanctions imposed here are necessary and just under the circumstances.

[] The Court is mindful that there is a hearing set for February 15, 2024, on Defendants' Motion to Transfer Venue. Based on the findings and rulings herein, that hearing is struck and the Court *sua sponte* denies Defendants' Motion to Transfer Venue. Specifically, the Court finds that Sunbelt Rentals, Inc. in [sic] not a natural person and has a principal office in Jefferson County, Texas. Venue is thus proper according to Tex. Civ. Prac. & Rem. Code § 15.002(a)(3).

Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because "'[a] trial court has no

11

"discretion" in determining what the law is or [in] applying the law to the facts[.]'" *See Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840).

Generally, mandamus relief is not available to review a trial court's venue ruling but it may be appropriate when there are "extraordinary circumstances." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding); *see also In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding) ("But on rare occasions an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional. Specifically, a trial court's action can be 'with such disregard for guiding principles of law that the harm . . . becomes irreparable.'") (quoting *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 771 (Tex. 1995)). Our Court has granted mandamus review for example where the trial court has applied a blatantly improper venue procedure in deciding a venue motion. *See, e.g.*, *In re Berry GP, Inc.*, 530 S.W.3d 201, 206 (Tex. App.—Beaumont 2016, orig. proceeding) (per curiam); *In re Shell Oil Co.*, 128 S.W.3d 694, 696-97 (Tex. App.—Beaumont 2004, orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket*, 256 S.W.3d at 262. This balancing test is necessarily a fact-specific inquiry that "resists categorization[.]" *Prudential*, 148 S.W.3d at 136. "The most frequent use we have

made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding).

Analysis

Relators argue that the trial court abused its discretion by determining an improper venue as a sanction, the trial court ignored venue procedures, and Relators lack an adequate remedy by appeal. In response, the Real Parties in Interest argue that Relators have not demonstrated that they are entitled to mandamus relief.

Here, the trial court made a venue determination in its sanction Order when it (1) "found and ordered that it is conclusively established" that Sunbelt had at all times material, a primary office (as defined by section 15.001(a)) in Jefferson County; (2) struck all of Sunbelt's pleadings challenging venue in Jefferson County; (3) refused to allow Sunbelt to oppose Plaintiffs' claim that venue is proper in Jefferson County and prohibited Sunbelt from introducing evidence to challenge venue; (4) struck the hearing on Defendants' Motion to Transfer Venue set for February 15, 2024; (5) denied Defendants' Motion to Transfer Venue; and (6) found that venue is proper in Jefferson County according to section 15.002(a)(3).

Rule 202 of the Texas Rules of Civil Procedure permits a person to petition the trial court for an order to take a deposition to investigate a potential claim or suit. Tex. R. Civ. P. 202.1(b); *In re Velvin Oil Co.*, No. 01-17-00384-CV, 2018 Tex. App.

13

LEXIS 3198, at *8 (Tex. App.—Houston [1st Dist.] May 8, 2018, orig. proceeding) (op. on reh'g) (Rule 202 mandamus proceeding). The petition must be verified and filed in the county where venue of the anticipated suit lies or where the witness resides, if suit is not anticipated. Tex. R. Civ. P. 202.2(a)-(b); *In re Velvin Oil Co.*, 2018 Tex. App. LEXIS 3198, at *8. In the Rule 202 Petition filed by Plaintiffs in this case, the plaintiffs alleged generally that "Pursuant to Tex. R. Civ. P. 202.1(b)(1) and (2), both jurisdiction and venue is proper herein." In their Original Petition they renewed their earlier allegation, and then also stated, "Jurisdiction is proper in this Court as no diversity of citizenship exists. Venue is proper in Jefferson County pursuant to Tex. Civ. Prac. & Rem. Code §15.002 (a)(1-4), §15.005, and §15.006."

Generally, a plaintiff chooses the venue of a suit, and the plaintiff's choice of venue cannot be disturbed if the suit is initially filed in a county of proper venue. *See Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260-61 (Tex. 1994); *KW Constr. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied). Once the defendant specifically challenges the plaintiff's choice of venue, the plaintiff has the burden to present prima facie proof that venue is proper in the county of suit. *In re Masonite Corp.*, 997 S.W.2d at 197; *Wilson*, 886 S.W.2d at 260-61; *KW Constr.*, 165 S.W.3d at 879; *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.); *see also* Tex. R. Civ. P. 87(2)(a), (3)(a). "Prima facie proof is

14

made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting each pleading." Tex. R. Civ. P. 87(3)(a). If the plaintiff proves venue facts that support venue, the trial court must maintain the lawsuit in the county where the suit was filed unless the motion to transfer is based on an established ground of mandatory venue. *Id.* 87(3)(c). If the plaintiff fails to meet this burden, the trial court must transfer the lawsuit to another county of proper venue. Tex. Civ. Prac. & Rem. Code Ann. § 15.063(1). "The [trial] court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties" in accordance with the applicable rules. Tex. R. Civ. P. 87.3(b).

It is undisputed that no mandatory venue provision governs this case. When there is no mandatory venue, then the general venue rule applies. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002. Under the general venue rule, a suit must be brought in one of the following counties: (1) in the county where all or a substantial part of the events giving rise to the claim occurred; (2) in the county of the defendant's residence when the cause of action accrued, if the defendant is a natural person; (3) in the county of the defendant's principal office in Texas, if the defendant is not a natural person; or (4) in the county where the plaintiff resided when the action accrued if none of the other provisions apply. *Id.* § 15.002(a).

15

In Plaintiffs' Original Petition, as well as the subsequent amended petition, plaintiffs alleged that "[v]enue is proper in Jefferson County pursuant to Tex. Civ. Prac. & Rem. Code §15.002 (a)(1-4), §15.005, and §15.006." Plaintiffs also alleged that at the time of Gillespie's death she was a resident of Orange County. In Sunbelt's Motion to Transfer Venue, Sunbelt denied the venue facts pleaded in Plaintiffs' Original Petition and denied that any of the events or omissions giving rise to Plaintiffs' claims occurred in Jefferson County or that any Defendants' residence or principal office in this state is in Jefferson County. According to Sunbelt, under section 15.002(a)(1), (2), and (3), venue in this case is proper in Newton County (where the accident occurred and where Defendant Burge resided at the time of the accident) and York County, South Carolina (where Defendant Sunbelt has its principal office). Sunbelt argues that even if section 15.002(a)(1), (2), and (3) did not apply, venue would still be improper in Jefferson County because Gillespie resided in Orange County. Sunbelt attached to its motion to transfer venue an affidavit from the custodian of records for the Texas Department of Transportation stating that the accident occurred in Newton County, as evidenced by the attached accident report. In Burge's Motion to Transfer Venue, he denied the venue facts pleaded in Plaintiffs' petition and denied that the events or omissions giving rise to Plaintiffs' claim occurred in Jefferson County or that any defendant had a residence or principal office in this state in Jefferson County.

Plaintiffs served Sunbelt with venue-related discovery and Sunbelt filed objections and responses to Plaintiffs' requests for venue-related interrogatories and requests for production. Plaintiffs filed a Motion to Compel and for Other Relief, asking the trial court to overrule Sunbelt's discovery objections and to require Sunbelt to respond to the discovery requests.[3] Plaintiffs' motion argued that they had pled multiple reasons that venue is proper in Jefferson County, including that under section 15.002(3) a suit may be brought "in the county of the defendant's principal office in this state, if the defendant is not a natural person[,]" and that a principal office "means a principal office of the corporation, unincorporated association, or partnership in this state in which the decision makers for the organization within this state conduct the daily affairs of the organization[,] citing *In re Missouri Pacific Railroad, Co.*, 998 S.W.2d 212, 217 (Tex. 1999) (orig. proceeding)). According to Plaintiffs, the venue analysis in this case requires evidence of Sunbelt's "presence and activities in the county of suit compared with those around the remainder of the State." Sunbelt filed a response, arguing that the venue-related discovery requests sought information from 2018 to the present, and that because the only relevant time

---

[3] We note that Appellees argued in the trial court that they needed more venue-related discovery from Sunbelt. The record before us shows that Appellee had an opportunity to depose Burge and Sunbelt's designated witness James Ezernack. Appellants allege in their appellate brief that Appellees canceled the scheduled deposition of Sunbelt's corporate representative Thomas Allen Smith, and the Appellants contend they have provided "hundreds of pages of documents" in response to Appellees' subpoena duces tecum.

for determining proper venue is when the cause of action accrued, the requests are not reasonably limited in time. Sunbelt asserted that under subsections (1), (2), and (3) of Section 15.002(a), venue in this case is proper in Newton County (where the accident occurred and where Defendant Burge resided at the time of the accident) and York County, South Carolina (where Defendant Sunbelt has a principal office). In a supplement to its Motion to Transfer Venue, joined by Burge, Sunbelt pleaded the following:

> 4. Plaintiff[s] originally alleged venue is proper in Jefferson County based on the Venue General Rule, Multiple Defendants Rule and the facts exi[s]ting at the time of the accident. Plaintiff[s] ha[ve] alleged that venue is proper in Jefferson County based upon the principal-office requirement. As already discussed in the Motions to Transfer Venue and Reply in support of the motions, Plaintiff[s] failed to meet their burden to establish that Sunbelt has a principal office [] in Jefferson County. They cannot do so because Sunbelt does not maintain a principal office or principal place of business in Jefferson County and Sunbelt does not employ any decision makers in Jefferson County who conduct the daily affairs of the organization. [*See*] Tex. Civ. Prac. & Rem. Code [§] 15.001 (defining "principal office").
>
> 5. Pursuant to Rule 87(3)(a) of the Texas Rules of Civil Procedure, Defendant Sunbelt specifically denied that is has, or had at the time Plaintiff[s'] cause of action accrued, a principal office in Jefferson County, as alleged in Plaintiffs' Original Petition. See Original Petition, paragraph 2. Further, Defendant specifically den[ies] that venue is proper in Jefferson County under Texas Civil Practice and Remedies Code[] §15.002(a)(1 - 3) because none of the events or omissions that give rise to Plaintiff[s'] claims occurred in Jefferson County, Burge did not reside in Jefferson County and because Sunbelt does not have, and did not have at the time Plaintiff[s'] cause of action allegedly accrued, a principal office in Jefferson County, as is alleged in Plaintiffs' Original Petition. Therefore, the underlying claim has no connection with Jefferson County. Thus, Defendant also specifically denies that Jefferson County is a proper venue for both Defendants

18

under Texas Civil Practice and Remedies Code 15.005, because Plaintiffs have not established Jefferson County as a proper venue in this lawsuit. See Original Petition, paragraph 2.

6. Under Texas Civil Practice and Remedies Code[] §15.002(a)(3) a lawsuit may be brought "in the county of the defendant's principal office in this state, if the defendant is not a natural person." "'Principal office' means a principal office of the corporation, unincorporated association, or partnership in this state in which the decision makers for the organization within this state conduct the daily affairs of the organization. The mere presence of an agency or representative does not establish a principal office." Tex. Civ. Prac.[&] R[em]. Code Ann. [§]15.001[](a). "[T]he term 'daily affairs' does not mean relatively common, low-level management decisions." [*Stouffer*, 420 S.W.3d [at] 240 [] (citing [*In re Mo. Pac. R.R. Co.*], 998 S.W.2d [at] 217). Further, "'decision makers' who 'conduct the daily affairs' are different kinds of officials than agents or representatives." [*Id.*] While agents and representatives "are officials who possess broad power and discretion to act for the corporation," decision makers "are officials of a different order." [*In re Mo. Pac. R.R. Co.*], 998[]S.W.2d [at] 217 [.] "[T]he 'decision makers' who 'conduct the daily affairs' of the company are officials who run the company day to day." [*Id.*] at 220; [*see also Ford Motor Co. v. Johnson*], 473 S.W.3d 925, 928-29 (Tex. App.—[Dallas] 2015, pet. denied) (adopting the [*Missouri Pacific*] test for a principal office).

Sunbelt specifically denied that Burge was dispatched from Jefferson County and denied that he was qualified and hired in Jefferson County, or wholly trained and supervised in Jefferson County. According to Sunbelt, Plaintiffs had alleged that venue was proper in Jefferson County based upon the "principal-office requirement[,]" but that Plaintiffs cannot meet their burden to establish that Sunbelt has a principal office in Jefferson County because "Sunbelt does not maintain a principal office or principal place of business in Jefferson County and Sunbelt does not employ any decision makers in Jefferson County who conduct the daily affairs

19

of the organization." In support of this, Sunbelt attached the affidavit of Thomas

Allen Smith, who averred as follows:

> "My name is Thomas Allen Smith. I am over 18 years of age, have never been convicted of a crime, and am competent to make this affidavit. The factual statements in this affidavit are based on personal knowledge and are true and correct."
>
> "I am the Sr. Manager, Auto Liability Claims and duly authorized representative of SUNBELT RENTALS, INC. ("Sunbelt"). I work in Sunbelt's corporate office, located at 1799 Innovation Pt., Fort Mill, South Carolina 29715. I am familiar with Sunbelt's facilities and operations in the State of Texas."
>
> "At all times relevant to the above-referenced lawsuit, including on September 26, 2022, Defendant, Daniel Burge was employed by Sunbelt."
>
> "Sunbelt is a South Carolina corporation, with its principal place of business and corporate headquarters located in Fort Mill, South Carolina.["]
>
> "On September 26, 2022, Sunbelt did not have a principal office located in Jefferson County, Texas."
>
> "Sunbelt does not presently have a principal office located in Jefferson County, Texas."
>
> . . .
>
> "All of Sunbelt's corporate decision-making employees are located at the corporate headquarters office in South Carolina."
>
> "Sunbelt has no corporate decision-making employees based in Jefferson County, Texas."
>
> "Sunbelt's operations in Texas are conducted from[] branches, spread throughout the state. Each of these branches has a supervisor, managers, drivers, helpers, mechanics and dispatchers. Some sites also have maintenance employees. [Sic] of these sites is located in Jefferson County."
>
> "The branch employees handle low-level management decisions, but otherwise report to regional management located in Katy, Texas and those company officials in Fort Mill, South Carolina, are the ones with the responsibility for oversight, overall daily direction, and decision making on behalf of the company, and for each of the Texas and other Sunbelt sites throughout the nation."

20

"A Branch Manager position at the Jefferson County locations is not a decision making role at Sunbelt. Rather, a Branch Manager at the Jefferson County locations would fall within low level management and would not have the capacity to make decisions for Sunbelt."

"Any and all training materials used in training Sunbelt employees are developed by employees in South Carolina. Although training of employees may be administered at various branches throughout the United States, the training material is developed in South Carolina. In addition, the various branches throughout the United States receive instructions from employees in South Carolina, regarding what training should be taught and implemented to various Sunbelt employees throughout the United States. No one in the State of Texas has the authority to develop training materials or instruct anyone as to the specific training that should be provided to any Sunbelt employee."

"I have read and examined Defendants, SUNBELT RENTALS, INC.'s and DANIEL BURGE's Supplement to the Motion to Transfer Venue, and the factual statements contained in paragraphs 4 through 6 are true and correct and within my personal knowledge and the information available to me."

The venue provision upon which Plaintiffs rely in the instant case is set forth in section 15.002(a)(3) of the Texas Civil Practice and Remedies Code. This section provides that a lawsuit may be brought "in the county of the defendant's principal office in this state, if the defendant is not a natural person[.]" Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(3). "Principal office" is defined as "a principal office of the corporation . . . in which the decision makers for the organization within this state conduct the daily affairs of the organization. The mere presence of an agency or representative does not establish a principal office." *Id.* § 15.001(a).

The Texas Supreme Court has concluded that the phrase "a principal office" means that a corporation may have more than one principal office in this state. *In re*

*Mo. Pac. R.R. Co.*, 998 S.W.2d at 217. To establish venue based upon a principal office, plaintiffs must show: (1) the employees in the county where the lawsuit was filed are "decision makers" for the company (hereinafter "decision makers") and (2) the employees in the county where the lawsuit was filed have "substantially equal responsibility and authority" relative to other company officials within the state (hereinafter "substantial equity"). *Id.* at 217, 220. The Texas Supreme Court rejected the argument that a principal office is any place where company officials make decisions about the company's business because "[s]uch a broad definition would include agencies and representatives, which the statute expressly rejects." *Id.* at 217. Rather, "decision makers" who "conduct the daily affairs" are different kinds of officials than agents or representatives. *Id.* And "daily affairs" does not mean relatively common, low-level management decisions. *Id.*

Here, Plaintiffs chose to file their 202 Petition and suit in Jefferson County, and they alleged it was a proper venue citing the general venue statute even though they knew the accident occurred in Newton County and that the decedent did not reside in Jefferson County. The Defendants specifically challenged Plaintiffs' choice of venue. Plaintiffs had the burden to present prima facie proof that venue is proper in Jefferson County where the suit was filed. *See In re Masonite Corp.*, 997 S.W.2d at 197; *Wilson*, 886 S.W.2d at 260-61; *KW Constr.*, 165 S.W.3d at 879; *see also* Tex. R. Civ. P. 87(2)(a), (3)(a). Plaintiffs produced no evidence that Sunbelt had a

principal place of business in Jefferson County, or that the driver and co-defendant resided in Jefferson County. The Defendants expressly denied that venue is proper in Jefferson County and provided probative evidence that Sunbelt did not have a principal place of business in Jefferson County—Thomas Allen Smith's affidavit. Plaintiffs had the obligation to show prima facie proof through affidavit or attachments to an affidavit that Jefferson County is a principal office for Sunbelt. *See* Tex. R. Civ. P. 87(3)(a).

Once the defendant challenges venue, the plaintiff must offer prima facie proof that venue is proper in the county of suit. *In re Masonite Corp.*, 997 S.W.2d at 197; *Wilson*, 886 S.W.2d at 260-61; *KW Constr.*, 165 S.W.3d at 879; *Chiriboga*, 96 S.W.3d at 678; *see also* Tex. R. Civ. P. 87(2)(a), (3)(a). A plaintiff satisfies this burden by properly pleading the venue facts and supporting them with an affidavit and "duly proved attachments" that fully and specifically set forth the facts supporting such pleading. *Ford Motor Co.*, 473 S.W.3d at 928 (quoting Tex. R. Civ. P. 87(3)(a)). When "the plaintiff fails to discharge its burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county." *Id.*

In the trial court, Defendants pleaded venue facts—which were not specifically denied by Plaintiffs—and the Defendants established that venue is proper in Newton County, and the record supports that conclusion because under

section 15.002(a)(1) and (2), venue in this case is proper in Newton County (where the accident occurred and where Defendant Burge resided at the time of the accident). Burge asserted that Newton County was a proper venue because it is where the accident occurred and where he resided at the time of the accident. Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code provides that venue for an action is proper in the county in which "all or a substantial part of the events or omissions giving rise to the claim occurred." Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1). Section 15.002(a)(2) provides that venue for an action is proper in the county of "defendant's residence at the time the cause of action accrued if defendant is a natural person[.]" *Id.* § 15.002(a)(2).

Under the general venue provisions, the undisputed facts show that venue is proper in Newton County as to Burge. Because venue is proper in Newton County as to Burge, it is also proper as to Sunbelt. Section 15.005 provides that where there are multiple defendants, and venue is proper as to at least one defendant, venue is then proper as to all defendants in all claims arising out of the same transaction, occurrence, or series of transactions or occurrences. *See id.* § 15.005.

We conclude that the facts before us present exceptional circumstances and mandamus relief is warranted. The trial court abused its discretion in finding that venue is proper for all purposes in Jefferson County because no legal basis supports that finding even as a sanction. *See Prudential*, 148 S.W.3d at 135. When we balance

24

the benefits of mandamus review against the detriments, we conclude mandamus relief is necessary to preserve Relators' substantive and procedural rights from impairment or loss. *See Team Rocket*, 256 S.W.3d at 262 (finding extraordinary circumstances justified mandamus relief where trial court violated venue procedure). We conditionally grant the petition for mandamus and direct the trial court to vacate the Order and to transfer the case to Newton County, a county of proper venue. The writ will not issue unless the trial court fails to act in accordance with this opinion.

APPEAL DISMISSED; PETITION CONDITIONALLY GRANTED.

LEANNE JOHNSON
Justice

Submitted on September 25, 2024
Opinion Delivered June 26, 2025

Before Golemon, C.J., Johnson and Wright, JJ.

25